**No. 41774.**—Protest 949769–G of C. S. Emery & Co. (St. Albans).

KEEFE, Judge: The merchandise involved here consists of a race horse, harness, and cart, imported under the special provisions of section 308, Tariff Act of 1930, without the payment of duty, for a temporary period of six months, under bond for exportation within the prescribed period. The entry was liquidated free of duty but upon failure of the importer to export the merchandise within the period of the bond the collector exacted liquidated damages at 1¼ times the duty applicable to the importation of such articles. The importer contends that the amount taken in excess of the lawful duties was illegally exacted.

At the trial of this case it was established that the race horse and appurtenances were imported for a temporary period of six months for the purpose of racing, and that at the expiration of such period it was too cold to export the horse. No application was made to extend the bond for an additional period. A petition filed with the collector under date of January 17, 1938, requesting remission of certain of the liquidated damages was admitted in evidence as Exhibit 2. Also a letter from the Commissioner of Customs to the collector of customs at St. Albans,

denying remission of any part of the penalties was admitted in evidence as Exhibit 1.

Counsel for the Government moved to dismiss the protest, first, because it is untimely, and second, because this court has no jurisdiction to entertain the protest as it is directed against the assessment of liquidated damages by the Secretary of the Treasury for failure to comply with the obligations under which the articles were admitted free of duty under section 308.

Considering the untimeliness feature first, we find from the entry papers that the race horse was entered on June 19, 1937, conditionally free under section 308, act of 1930, and a cash bond was filed with the collector as security for the faithful performance of the obligations entered into between the importer and the Government; that on December 29, 1937, ten days after the expiration of the bond, the merchandise was liquidated free of duty, and on February 19, 1938, a cash deposit filed with the bond on June 21, 1937, was transferred to the regular account as liquidated damages by the collector. The protest sent by the collector with the papers is dated at Newport, Vt., April 16, 1938, and was filed with the collector on April 20, 1938, demanding the return of $6.63 in excess of the lawful duties of $26.50. It is contended by the importer that the protest is timely because it was filed sixty days from the time that the exaction was made, to wit, February 19, 1938. The Government contends that the date of liquidation, December 29, 1937, controls, and therefore the protest is untimely.

The collector's liquidation of December 29, 1937, was made ten days subsequent to the expiration of the bonded period, but the final computation of damages to be assessed was not made until February 19, 1938. The liquidation of December 29, 1937, was, in effect, suspended until final determination was made that the damages noted in the bond would be levied in their entirety rather than at a sum commensurate with the lawful duty. We therefore hold that the protest herein is timely and motion to dismiss upon that ground is dismissed.

Second, we will consider the question of jurisdiction of this court to entertain protests against assessments of liquidated damages. It is noted that counsel for the Government insists that the protest is directed against the assessment of liquidated damages by the Secretary of the Treasury. Counsel stated as follows:

The Secretary of the Treasury, under the exclusive power granted to that officer in section 623 of the Tariff Act of 1930, collected liquidated damages for the violation of the obligation, in the amount of one and one-quarter times the duties. Section 623 gives the Secretary the power, discretionary power, to set the amount of liquidated damages, or the penalty on bond.

Because of the conclusion reached as to the merits of the case, hereinafter set out, we do not deem it necessary to pass upon the Government's second ground of dismissal of the case. Suffice it to say that the appellate court does not seem to support the Government's contention. See *United States* v. *Frank F. Smith & Co.*, 25 C. C. P. A. 163, T. D. 49267, and *United States* v. *Toledo Museum of Art*, 25 C. C. P. A. 373, T. D. 49455. See also *Fanny of Hilda, Inc.* v. *United States*, T. D. 48881.

Relative to the merits of the plaintiffs' contention, we find that they have no cause to complain of the action of the collector. The merchandise was granted free entry only upon condition that it would be exported within a specified period. The importers gave a cash bond to insure the performance of the conditions under which the grant of free entry was allowed. In giving a bond for specific performance of the conditions, the importers are presumed to know that the sum stated in the bond may be exacted as a penalty for the violation thereof within the discretion of the collector or under directions of the Secretary of the Treasury. In demanding and collecting the penalty imposed for violation of the terms, the collector acted in accordance with law. In view of the fact that the violation of the terms of the bond is admitted, the plaintiffs may not be heard to complain

when the collector demands liquidated damages in the amount agreed to therein.

For the reasons stated the protest is accordingly overruled and judgment will be entered in favor of the defendant.